AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Northern District of Ohio |
|---|---|
| Name (under which you were convicted): <br><br> Nicole Perenkovich | Docket or Case No.: <br><br> 2023CR2195 |
| Place of Confinement : <br> North East Ohio Pre Release Center (AKA North East Ohio Reintegreation Center) | Prisoner No.: <br><br> W112873 |
| Petitioner (include the name under which you were convicted) <br> Nicole Perenkovich <br><br><br> v. | Respondent (authorized person having custody of petitioner) <br><br> Warden Staci Smith |
| The Attorney General of the State of:   Ohio | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Stark County Court of Common Pleas

    Mailing Address: 115 Central Plaza North, Suite 400, Canton Ohio 44702

    Physical Address: 101 West Tuscarawas Street, Canton, Ohio 44702

    (b) Criminal docket or case number (if you know):   2023 CR 2195

2.  (a) Date of the judgment of conviction (if you know):   04/11/2024

    (b) Date of sentencing:   04/11/2024

3.  Length of sentence:   8 to 12 years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   Count One (1): Aggravated

    Trafficking in Drugs, a Felony of the First Degree, in violation of Ohio Revide Code (ORC) 2925.03

    Count Two (2): Aggravated Posession of Drugs, a Felony of the First Degree, in violation of ORC

    2925.11

6.  (a) What was your plea? (Check one)

    ☑  (1)   Not guilty       ☐  (3)   Nolo contendere (no contest)

    ☐  (2)   Guilty          ☐  (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Ohio Fifth District Court of Appeals for Stark County, Ohio

(b) Docket or case number (if you know): 2024 CA 00046

(c) Result: Affirmed

(d) Date of result (if you know): 02/13/2025

(e) Citation to the case (if you know): 2025 Ohio 521

(f) Grounds raised: (1) The Trial Court erred in submitting unauthenticated documents into evidence.

(2) Appellant was deprived of the effective assistane of trial counsel.

(3) The Trial Court erred in preventing the the defense from presenting a defense to the crimes

charged in the indictment.

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of Ohio

(2) Docket or case number (if you know): 2025 0456

(3) Result: Jurisdiction Declined

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 06/10/2026

(5) Citation to the case (if you know): 2025 Ohio 2048

(6) Grounds raised: (1) Where contents of a cellphone are published to a jury by showing shots taken by an officer, and no party with knowledge was available to authenticate said content, this content is not authenicated and is thus inadmissible. This content should be authenticated as a writing rather than as a photograph. (Continued on Supplemental Pages)

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): NA

(2) Result: NA

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Ohio Fifth District Court of Appeals for Stark County

(2) Docket or case number (if you know): 2024 CA 00046

(3) Date of filing (if you know): 05/14/2026

(4) Nature of the proceeding: Application to Reopen Pursuant to App. R. 26(B)

(5) Grounds raised: Trial Counsel was ineffective for failing to object to improperly tendered expert witness testimony, despite Office Paolucci giving expert witness testimony and giving a legal conclusion.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):     07/23/2025

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     Stark County Court of Common Pleas

(2) Docket or case number (if you know):     2023CR2195

(3) Date of filing (if you know):     05/20/2025

(4) Nature of the proceeding:     Conviction for Post Conviction Relief

(5) Grounds raised:     (1) Petitioner recieved the ineffective assistance of counsel, where counsel failed to subpeona potential witness Cecelia Ochoa. (2) Petitioner recieved the ineffective assistance of counsel, where counsel failed to impeach witness Jordan Shank, when he testified that two of the bedrooms in the home were vacant, when in fact one of the bedrooms was inhabited by the Petitioner's daughter Setara Horan. (3) Petitioner recieved the ineffecitve assistance of counsel, where counsel failed to impeach witness Jordan Shank when he testified regarding the contents of Petitioner's calls as admissions, when in actuality she was on the telephone with Setara Horn.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Denied

(8) Date of result (if you know):     11/12/2025

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:     Fifth District Court of Appeals for Stark County, Ohio

(2) Docket or case number (if you know):     2025CA00108

(3) Date of filing (if you know):     08/21/2025

(4) Nature of the proceeding:     Appeal of Denial of Post Conviction Petition

(5) Grounds raised:     (1) The Trial Court erred by failing to grant the petition for post conviction relief as to claim number one without a hearing; (2) The Trial Court erred by failing to grant grant the petition for post conviction relief as to claim number two without a hearing; (3) trial court erred by failing to grant the petition for post conviction relief as to claim number thre without a hearing.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Judgment Affirmed

(8) Date of result (if you know):     04/07/2026

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:     ☑ Yes     ☐ No

(2) Second petition:     ☐ Yes     ☑ No

(3) Third petition:     ☐ Yes     ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

An appeal was taken from the Petition for Post Conviction to the Fifth District, but because it would

appear that  continued pursuit of those grounds would be fruitless, an appeal to the Ohio Supreme Court

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.     <span style="color:blue">Con't on Supplement</span>

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**     Introduction of contents of a cellphone being introduced, including screen shots of messages,

absent proper authentification and witness testimony is violative of the Sixth Amendment as (con't on supplement)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In this matter, a police officer was permitted to testifiy as to the contents of writings contained in a cell phone

from a person named "Cuuuuuuzin" and "Husband" without proper identiciation of who those individuals were.

The contents of these messages were testimonial, and to fail to authenticate the messages, or offer the declarants

testimony violated the Petitioner's right to cross examine witnesses.

(b) If you did not exhaust your state remedies on Ground One, explain why:     State remedies were exhausted in this

matter.

Page 6 of  16

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: This issue was raised on direct appeal

and exhausted through the Ohio Supreme Court.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: NA

Name and location of the court where the motion or petition was filed: NA

Docket or case number (if you know): NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NA

Docket or case number (if you know): NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): NA

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    NA

**GROUND TWO:**          Trial Counsel is ineffective and violative of the Sixth Amendment where a motion to suppress is filed but does not address pertinent and damning evidence which was illegally obtained (continued)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel filed an untimely and generalized motion to suppress on the eve of trial. This motion did not address newly discovered and illegally obtined evidence. In the instant matter, the Petitioner was convicted in part based on illegally obtained and newly discoverd evidence. While, after the mistrial, counsel sought a suppression of evidence obtained in the search of the "Defendant's" home and car, it did not address the damning, incriminating and illegally obtained text messages which were found in 2024. It was additinally void of any legal argument. As such, the Petitioner recieved the ineffective assistance of counsel.

(b) If you did not exhaust your state remedies on Ground Two, explain why:   State remedies were exhausted on this ground.

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes        ❏  No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   This ground was raised, and properly exhausted.

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❏  Yes    ☑  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:      NA

   Name and location of the court where the motion or petition was filed:   NA

   Docket or case number (if you know):    NA

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):     NA _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ❐ Yes     ❐ No

(4) Did you appeal from the denial of your motion or petition?     ❐ Yes     ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❐ Yes     ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     NA _____

_____

Docket or case number (if you know):     NA _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):     NA _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA _____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :     NA _____

_____

_____

_____

**GROUND THREE:**     Where a criminal defendant is forced to testify in order to introduce evidence of a second

ary suspect, and then testimony regarding the secondary suspect is ground, the 14th Amendment is violated.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the instant case, a large portion of the defense was that a third party, McQuain, was the actual owner of the drug

in question. First, trial counsel was prohibited from asking about long term drug investigations into McQuain,

and it was indicated that if the Petitioner wanted to address that issue, she would need to testify. However, when

the Petitioner testified her testimony that the drugs were McQuain's was struck. This is violative of the 14th

Amendment righ to present a defense.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:  This ground was exhausted in state court.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ✔ Yes  ❑ No

(2) If you did not raise this issue in your direct appeal, explain why:  This was raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑ Yes  ✔ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  NA

Name and location of the court where the motion or petition was filed:  NA

Docket or case number (if you know):  NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  NA

(3) Did you receive a hearing on your motion or petition?  ❑ Yes  ❑ No

(4) Did you appeal from the denial of your motion or petition?  ❑ Yes  ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑ Yes  ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  NA

Docket or case number (if you know):  NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  NA

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  NA

**GROUND FOUR:**  A criminal defendant is denied the effective assistance of counsel, pursuant to the Sixth Amendment, where counsel fails to object to expert witness testimony, without proper notice (cont on supplement)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the instant case, the Adult Parole Authority Officer testified that drug traffickers often have multiple phones, and large amounts of cash and plenty of foot traffic in their house. In the instant matter, the Petitioner had no cash on her or foot traffic in her home. Nevertheless, the APA Officer testified that those things did not disqualify the Petitioner from engaging in drug trafficking. No objections were raised.  The APA Officer was not a police officer and did not testify as to any reasonable grounds which would give him the authority or knowledge to testify in this matter. The failure to raise this issue in both the trial court and the court of appeals is violative of the Sixth Amendment.

(b) If you did not exhaust your state remedies on Ground Four, explain why:    This was exhausted in state court.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes      ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    This ground was raised in an application to reopen appeal pursuant to App. R. 26(B) in the direct appeal case number, due to the ineffective assistance of counsel on the direct appeal. This was exhausted in state court.

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:       NA

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:    NA

Docket or case number (if you know):    NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    NA

(3) Did you receive a hearing on your motion or petition?                        ❒  Yes      ❒  No

(4) Did you appeal from the denial of your motion or petition?                   ❒  Yes      ❒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❒  Yes      ❒  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  NA

Docket or case number (if you know):    NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    NA

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:    NA

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes      ❑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    All grounds have been exhausted in state court.

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds have been presented and exhausted in state court.

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?       ❑ Yes      ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.    NA

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?       ❑ Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Massilon Municipal Court, 2023CRA02230, Attorney Unknown

(b) At arraignment and plea:    Attorney Ty Graham, 304 15th Street NE, Canton, OH 44714

(c) At trial:    Attorney Ty Graham, 304 15th Street NE, Canton OH 44714

(d) At sentencing:    Attorney Ty Graham, 304 15th Street NE, Canton OH 44714

(e) On appeal:    Jacob Will, 121 South Main Street, Suite 520, Akron OH 44308 (direct)
Mary Catherine Corrigan, 5495 Mayfield Road, Suite 200E, Lyndhurst OH 44124

(f) In any post-conviction proceeding:    Mary Catherine Corrigan, 5495 Mayfield Road, Suite 200E
Lyndhurst, Ohio 44124

(g) On appeal from any ruling against you in a post-conviction proceeding:   Mary Catherine Corrigan, 5495
Mayfield Road, Suite 200E, Lyndhurst, Ohio 44124

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐  Yes    ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

NA

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐  Yes    ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely filed.

Page 14 of  16

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    reverse and vacate the conviction, or in the

alternative reverse and remand for proceedings not in violation of the Constitution.

or any other relief to which petitioner may be entitled.

/s/ Mary Catherine Corrigan

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

This is an attorney filing.